a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **EMMANUEL PHILIPPE** #A098395636, Petitioner | **CIVIL DOCKET NO. 1:24-CV-01689 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Emmanuel Philippe ("Philippe"). Philippe is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges his continued detention.

Because Philippe is not entitled to release, his Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

Philippe alleges that he was born in Port-Au-Prince, Haiti, and entered the United States in December 2003. He was granted asylum in 2005, and he became a lawful permanent resident in 2011. ECF No. 7-1 at 4-5.

In 2018, Philippe was convicted of possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking

crime.[1] *United States v. Philippe*, 842 F. App'x 685 (2d Cir. 2021). He was sentenced to 75 months of imprisonment. *Id.* at ECF No. 178.

Philippe was released from the custody of the Bureau of Prisons on September 27, 2024, and transferred to the custody of the Department of Homeland Security. *Id.* at 2. Philippe received a bond hearing on October 22, 2024. ECF No. 1-2 at 4.

Philippe asserts that his detention is indefinite, and he seeks his release from custody. Philippe argues that there is "no likelihood of his removal in the reasonably foreseeable future due to planes not being able to land in [Haiti]" and the Level 4 travel advisory. *Id.* at 6. He also claims entitlement to a bond hearing.

II. **Law and Analysis**

Philippe seeks release under both *Zadvydas v. Davis*, 533 U.S. 678 (2001), which applies to detention after a final order of removal has been issued, and *Demore v. Kim*, 538 U.S. 510 (2003), which applies to detention prior to the issuance of a final order of removal. Philippe does not state whether he is subject to a final order of removal.

However, Philippe alleges that he is being detained under § 1226(c), which requires the Attorney General to detain aliens who are inadmissible or removable based on having committed certain criminal offenses. *See* 8 U.S.C. § 1226(c)(1). Anyone detained under § 1226(c)(1) may not be released unless: (1) the release is necessary for witness protection purposes; and (2) the Attorney General is satisfied

---

[1] Philippe was also convicted of prohibited possession of a firearm and ammunition by a felon, but that conviction was overturned based on *Rehaif v. United States*, 588 U.S. 225 (2019). *Id.*

2

that the alien does not pose a danger to persons or property and that the person is likely to appear for scheduled proceedings. *See* 8 U.S.C. § 1226(c)(2).

In *Demore,* the United States Supreme Court found that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. The Court found that Congress was "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers," and mandating a brief detention before removal for such aliens was not unconstitutional. *Id.* at 513.

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court stated that the language of § 1226(c) "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id.* at 303; *Wekesa v. United States Attorney*, 22-10260, 2022 WL 17175818, at *1 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 2666 (2023). Philippe does not allege that he meets the statutory requirements for release.

Furthermore, the *Jennings* Court rejected an "implicit" six-month limitation on detention under § 1226(c). *Id.* at 299. And this Court, and others, have found longer periods of detention were not unreasonable during removal proceedings. *See Wekesa*, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years); *A.R.L. v. Garland*, 6:23-CV-00852, 2023 WL 9316859, at *5 (W.D. La. 2023), *report and recommendation adopted*, 2024 WL 203971 (W.D. La. 2024) (21 months); *Asonfac v. Wolf*, 6:20-CV-01218, 2021 WL 1016245, at *2 (W.D. La. Mar. 1, 2021), *report and recommendation adopted*, 2021 WL 1011077 (15 months); *Garcia v. Lacy*,

3

2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months). Philippe's four month detention is significantly less than other periods that were found constitutional. Therefore, to the extent he is detained under 1226(c), he cannot establish entitlement to relief.

Philippe asserts that he is entitled to a bond hearing. ECF No. 1-2 at 4. However, a bond hearing is not a right afforded under the mandatory detention provision of 1226(c).

To the extent Philippe is subject to a final removal order, his detention is lawful. Under *Zadvydas,* detention for up to six months after the removal order becomes final is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. Philippe has only been in DHS custody since September 27, 2024—less than six months. Therefore, to the extent he is subject to a final order of removal, his detention is presumed reasonable. Although Philippe claims that his removal is unlikely due to a travel advisory to Haiti, he provides no support for this conclusory allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Conclusion

Because Philippe is not entitled to release, his Petition should be DENIED and DISMISSED WITHOUT PREJUDICE to seeking release should his detention become unconstitutional in the future.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 11, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE